IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER(S) OF:<br>HENRY A. WILLIAMS, PRO SE.,<br>PLAINTIFF/APPELLANT, PRO SE.,<br><br>VS.<br><br>SAINT FRANCIS HOSPITAL, et al. IN THEIR PERSONAL AND OFFICIALS CAPA-CITYS, et al. | *CIVIL ACTION CAUSE No._____<br>JURY TRIAL  ID DEMANED: THIS IS A<br>*42 U.S.C. 1983, 1985(3) & 1986 CIVIL<br>RIGHTS COMPLAINT FOR VIOLATION OF<br>*PLAINTIFFS" EIGHTH(8) AMENDMENT RIGHT<br>AND CONSPIRING TO VIOLATE PLAINTIFFS"<br>*DUE PROCESS CIVIL AND CONSTITUTIONAL<br>RIGHTS' WHILE BEING HELD UNDER COLOR<br>*OF STATE AND FEDERAL LAWS. |

*[For the records and files in this Civil Rights Complaint, The Plaintiff did not name The Federal BOP nor the United States Federal Government, Because I do not know if I can sue them at this time in this Complaint.]

DEFENDANTS/APPELLEES, et al.       *

The is a 42 U.S.C. 1983, 1985(3) & 1986 Civil Rights Complaint for Violation of the Plaintiffs' Eighth(8) amendment Rights to the United States Constitution, and Conspiring to violate plaintiffs' Due Process Civil and Constitutional Rights while Being Held Under Color of State and Federal laws.

## "JURISDICTION AND VENUE"

(1) That pursuant to 1331, 1332, 1343(a) 1,2,3, & 4. Constitutional Claims for Money damages. Plaintiff seeks Declaratory Judgment and relief pursuant to 28 U.S.C. 2201 & 2202. The plaintiff also seeks pursuant to 28 U.S.C. Section 1346(b) and Section 2671-1680, 5 U.S.C.S. Section 702, 42 U.S.C. Section 1997(d)(e), 18 U.S.C. Section 4042.

(2) The plaintiff also seeks in the claims for Injunctive Relief authorized by 28 U.S.C. Section 2283 & 2284 and Rule (65/A) of the Federal Rules of Civil Procedures.

The United States District Court for the western District of Tennessee, at Memphis, Shelby County, Tennessee Western Division is therefore proper since Most of the Defendants' is Empolyeeded there in Shelby County, Memphis, Tenn-

essee and in that Division an appropriate venue under 28 U.S.C. Section 1391-(b) two(2) because it is the events giving rise to the Claims Occurred.

(3) Plaintiff henry A. Williams, pro se. is and was at all times mentioned herein a Prisoner of the State of Texas, in the custody of the Federal Bureau of Prisons(BOP). Plaintiff is cndfind in Fort Worth, Texas F.C.I.-Low, in the City, of Fort Worth, Texas.

(4) The defendants' Saint Francis, Hospital, et al. The Bureau of Prisons and the United States federal Government et al. is in the place where the plaintiffs' Eighth(8) Amendments Rights were violated and his Due process Civil and Constitutional rights were also violated by the above mentioned Defendants. The Defendants' Saint Francis, Hospital, administrator, et al. The federal Bureau of Prisons and the United States Federal government, is responsible for all acts concerning the Hospital and its Employees and their duties, The Administrator, is also responsible for all persons' coming into that Hospital for Medical treatments' and their welfare while being held in their custody.

(5) Defendants' [Doctors' and Nurse's Jame & John Does'] were Employees at Saint Francis, Hospital when the plaintiffs' Eighth(8) Amendments Rights, and plaintiffs' Due Process Civil and Constitutional Rights were violated while being in the custody of Saint Francis, Hospital. [The Doctors' and Nurses', who was assigned to the plaintiff medical treatments and medical needs was at all times Employees of Saint Francis, Hospital when the plaintiffs' rights were knowing violated.]

(6) The plaintiff did tell the [assigned Doctors' and Nurses' at Saint Francis, Hospital what had happened to him while the plaintiff in February, & March, of 2011 at Forrest City, Medical Center, all of the above mentioned persons was well aware of the plaintiffs' medical conditions and they would not tell the plaintiff what his medical problems were at any time.

(7) The Federal Bureau of Prisons (BOP) the United States Federal Government and Forrest City, Medical Center, was the Defendants' who sent the plaintiff to Saint Francis, Hospital, for medical treatments;/ It should also be noted that plaintiff is unaware of him naming the United States Federal Government and the Federal Bureau of Prisons at this stage of these proceedings, Because of the Administartive Remedy the plaintiff must exhaust before he can name the United States Government and federal Bureau of Prisons, as defendants' in these matters;/ But the plaintiff is being held under color of State and federal laws and the plaintiff is the United States Federal Government and the Federal Bureau of Prisons property while being held under color of State and Federal Laws;/ Because the plaintiff is their responisbity while being held under color of law.

(8) That on or about the second(2) day of March, 2011 the plaintiff told the assigned Doctor and some of the Nurses', at Forrest City, medical Center what Nurse Kevin, John Doe, had been doing the hole time the plaintiff were held at Forrest City, Medical center, since February, 25th, 2011. That on the (3rd) day of Mrrch, 2011 when the plaintiff told the assigned Doctor at Forrest City, Medical center, what Nurse Kevin, John Doe, had been doing from the 25th day of February, 2011; and the plaintiff told the Doctor the day before that he the plaintiff was feeling alot better, the next day is when the plaintiff told the Doctor that he the plaintiff had started back to hurting, because of the Fluids that kevin, John Doe, had been queezing into the plaintiffs' veins when he would come into the plaintiffs' Hospital room,and take the plaintiffs' I.V. alose and queez whatever kind of Fluids into the plaintiffs' veins everyday the plaintiff was held in the Forrest City, Medical center,;/ The assigned Doctor told the plaintiff that he the assigned Doctor was going to discharge the plaintiff back to the Institution. That on the 8th day of March, 2011 the assigned Doctor, did discharge the plainti-

ff back to the Institution in which the Institution did accept the plaintiff under the conditions Forrest City, medical Center, discharged him under.

(9) The plaintiff almost died on or about the 17th day of May, 2011 for which the plaintiff did go to sick call and he was turned away until the next day in which the plaintiff name was on the call out sheet for Medical; The plaintiff did go to Medical and told Nurse [Cook], about some of the plaintiffs' medical needs at that time and point, and she told the plaintiff to come back and see here after lunch because they was having a meeting;/ The plaintiff than went to the LT. office to see if he could get some kind assistance, but there was no LT. in the office, but [Captain Howard] were ther and I told him that I were having chest pain and my heart was hurting;/ The Captain said didn't I send you out to a out site Hospital about two month ago, I said yes Sir, He than said come on with me and when we started out of of LTs' office, a LT. were waking up and the Captain, told him to take me back to Medical and see why someone would not see me under the facts that I were having chest- and Heart pains.

(10) Each of the defendants are being sued in their personal and officials Capacitys, That all of the Defendants in these metters was acting under color of State and Federal Laws;/ The plaintiff did state to the Doctors Nurses, and medical staff at Saint Francis, Hospital,          the true facts of what had happened to the plaintiff while held at Forrest City, Medical Center, and what the plaintiff had been through from the time of him being discharged from Forrest City, medical Center, to what made him have to go back to the Medical center, But they was unable to treat the plaintiff for his medical conditions and they reansfered the plaintiff to Saint Francis, Hospital.

(11) Please take Judicial notice that: What is Deliberate Indifference ???
A Prison official demomstrate "Deliberate Indifference" if he or she recklessly disregards a substantial risk of harm to the Prisoner. This is a higher standard than negligence, and requuire that the official knows of and disregards an excessice risk of harm to the prisoner. The prison official does not, However, need to know of a specific risk from a specific source.

"STATEMENT OF THE CASE"

(12) The plaintiff arrived at F.C.I. Forrest City, Arkansas on the 16th day of August, 2005, In excellent health, as the records and files would show, other than the plaintiff had already been [Burned by the xray's given to him at Mason, Tennessee Detention Center, the federal holding Center for Federal Prisoners'].

(13) On the second(2) day of may, 2007 the plaintiff were transfered from the medium prison at Forrest City, F.C.I. Low Forrest city, Arkansas. The plaintiff should not have ever been sent to the medium prison after it showed what his points were.

(14) The plaintiff became [real sick the first week he was tramsfered to Forrest City-Low F.C.I.] and at that time the plaintiff did not know what was worng with him. However, the plaintiff did go to sick-call a many a time and nothing was done about the plaintiffs' medical conditions at that time.

(15) The plaintiff became really really sick and had to be seen by the medical staff on the 25th day of February, 2011, after the plaintiff were seen by medical staff, the called in other medical staff and Doctor, 'Peikar" who told the medical staff to sent the plaintiff to Forrest City, Medical Center, for further treatments pursuanto to the plaintiffs' medical conditions at that time and point.

(16) The medical records would show unto this Honorable Court that: After the plaintiff were at the Forrest City, Medical Center, a Doctor came into the waiting room where they was holding the plaintiff and told the plaintiff that you have [Pneumonia] and about two days later the Doctor who was assigned to the plaintiffs medical needs came into the plaintiffs' Hospital room and told the plaintlff that they had found [Staff] in the plaintiffs' [Urine] without any information as to how it got there, these allegations should be noted because there were no mentioning of the plaintiff having [staff in his Urine] when the plaintiff entered into the Forrest City, medical Center. Why did it take two to three(3) days to tell the plaintiff about the [staff] they say they found ???.

(17) That on the second(2nd) day of March, 2011 the assigned Doctor came into the Hospital room to see the plaintiff as he did every day the plaintiff were held there, and the plaint-

iff told the Doctor on that day that he the plaintiff were doing alot better;/ The same day that afternooe Nurse Kevin, John Doe] came into the plaintiffs' Hospital room and took the plaintiffs' L.V line alose and squeez some kind of fluids into the plaintiffs' I.V. line into the plaintiffs' [veins];/[For the records and files Nurse kevin, John Doe.] started to squeez whatever the fluids was into plaintiffs' I.V. line into the plaintiffs [veins], when the plaintiff told all of the medical staff when the plaintiff first arrived at the medical Center, that he the plaintiff beleived that it was the [Black Mold] that was causing him all of the medical problems that the plaintiff were having.

(18) That on the (3rd) day of March, 2011 the assigned Doctor came into the plaintiffs room to see him, the plaintiff told the Doctor that he the plaintiff had started back to hurting and asked the Doctor why was this happening;/ The Doctor said nothing but[ I am sending you back to the Institution,] The plaintiff than told the Doctor that Nurse Kevin John Doe] had been squeezing some kind of fluids into the plaintiffs' I.V. line everyday since the plaintiff first arrived into the Forrest City, Medical Center,;/ When the plaintiff told the Doctor and Nurses' that he the plaintiff beleived that the [Black Mold] was causing him all of the medical problems that the plaintiff was having, is when Nurse Kevin, John Doe.] begain to take my I.V. line alose with all of the looking on, and begain to squeez whatever fluids into the plaintiffs' [veins].

(19) That on the 8th day of March, 2011 the assigned Doctor did discharge the plaintiff back to the Institution;/ The records and files would show unto this Court the F.C.I. Forrest City, Institution did accept the plaintiff back into the Institution without any kind of check-up or any one to see if the plaintiff were alright;/ The plaintiff told the medical staff there the he the plaintiff were in pain, The told the plaintiff to go back to his unit and that he would be put on call;/ The plaintiff was never put on call to see anyone about his pain.

(20) That on the 16th day of May, 2011 all medical records would show unto this Honnrable. Court of what the plaintiff has and is being treated for, and they would further show that all of the plaintiffs' medical conditions to this day, in which did not come from the [Pneumonia] and the so-called staff they say found in the plaintiff [Urins] did not come from the [Pneumonia];/ The plaintiff have evidence that whatever[Nurse Kevin, John Doe] squeezed into the plaintiffs' [veins through the I.V. line did in fact cause many of the chronic medical conditions the plaintiff has to this day].

(21) Please take judicial notice that: The Eighth Amendment prohibits the "Unnecessary and wanton indlifiction of pain"...Some factors courts have considered in determining whether a "serious medical need" is at issue are (1) whether a reasonable Doctor or patient would perceive the medical need in question as important and worthy of comment or treatment; (2) whether the medical condition significantly affects daily activities; and (3) The existence of Chronic and substantial pain. Additionally, courts will be likely to find a "serious medical need" if a condition "Has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity of a Doctor's attention.

(22) The plaintiff did make all [Doctors, Nurses, Physicians, and their assistences as well as all medical at Saint Franics, Hospital]of his medical conditions as far as he knew and the facts on what Nurse kevin, John Doe, had been doing the plaintiffs' stay at Forrest City, medical Center.

(23) Medical Care: Prison officials are obligated under the Eighth(8) Amendment to provide prisoners with adquate medical care. This principle applies regardless of whether the medical care is provided by the [Governmental employees or by private medical staff under contract with the Goernment].

(24) The plaintiff did tell the Doctors' Nurses' and/or all medical staff at Forrest City, Medical Center, of what Nurse Kevin, John Doe, had been doing the hole time the plaintiff were in their custody;/ All of this happen during the time the plaintiff were in their custody;/ And when the plaintiff were transfered to Saint Franics, Hospital, he did tell all [Doctors, Nurses, and all medical staff what happened while he was at Forrest City, Medical Center.

(25) All medical records and files would show unto this Honrable Court that: Plaintiff does in fact have many medical Chroinc conditions and how long he has had these medical conditions and what really caused the medical conditions the plaintiff have to this day;/ The plaintiff has asked many many times from the Doctors, Nurses, and/or all medical staff of what cause these medical conditions and they would not tell the plaintiff anything that might involve other people;/ The records and files would respectfully show and prove that all persons acting in the overall metters is in fact protecting one and the other in which the plaintiff would show and prove.

(26) The records and files would show and prove that all of the plaintiffs' medical conditions did not come from the [Pneumonla] they said the plaintiff had when he first arrived at Forrest City, Medical Center;/ will prove the attempted  first Degreeded [Premeditaed][Murder] and that all persons acting herein does in fact have full knowledge of what has and is happening to the plaintiff to this day.

(27) Proof of the facts of how long the plaintiffs' stayed in Saint Franics, Hospital, and all of the conditions the plaintiff was treated for and cause the medical conditions to occurre, The plaintiff is fully aware of, prison officials knowledge of a substantial risk to a prisoner's health can be proven by circumstantial evidence. For example, Prisoners might present sick-call requests, medical records, complaints, formal Grienances or other records reflecting the nature of the complaint, the dats of the complaint, the individuals to whom the complaint was made, the treatment provided, the adequacy of the treatment, the days the treatment was provided, the medical staff seen, the nature of the follow-up care ordered and whether it was carr-

ied out, the effects of any delay in obtaining treatment, and any additional information relating to the complaint. As to the proof plaintiffs' medical conditions, it may be inferred from the very fact that the risk was obvious. This circustantial proof may be deterioration in the prisoners' health, such as obious conditions like sharp weight. A prison official cannot excape libability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.

(28) The records and files would show unto this court that plaintiff has time and time again requested information regarding the infections still in his back since March, 2011 and the plaintiff sis still on pain medicine for this pain, and they will not tell the plaintiff here at Fort Worth, F.C.I. Institutional Medical staff, not would Forrest City, F.C.I. Institution, nor Saint Francis, Hospital, and nor would Forrest City, Medical Center,;/ They are covoring-up for each other and the plaintiff would show and prove the same, The Medical Records and Files would clearly show and prove that all of the plaintiffs' medical problems did not come from [Stay say Pneumonia].

(29) There should be no questions as to how the [medical conditions occurred and what cause all of them; The evidence would show more than clear facts of what had to occurre to cause these medical conditions;/The plaintiff demaned a jury trial because the plaintiffs' proof will show unto this court that all stated allegations set forth in this Civil Rights complaintiff is true and correst to the best of my knowledge.

(30) The plaintiff Doctor Peikar, and all Doctors' and Nurses, Medical Staff and all persons acting therewith does in fact have full knowledge of the plaintiffs' medical needs as to this day;/ The plaintiff would show and prove that there should have been recommentations as to where the plaintiff should have been sent to and the reasons why such transfer was in fact warranted, all of the above true facts needs to be presented to this court to show what was recommented and what was not. Adequate medical treatments is needed at this time and point whereas the plaintiff would have fully knowledge of his medical conditions he is in at this time of the overall conditions of the plaintiffs'.

(31) The plaintiff filed this Civil Rights Complaint under 42 U.S.C. 1983, 1985(3) & 1986, for conspiring to violate the plaintiffs' [Eighth (8)] Amendment Rights as well as the plaintiffs' Doe Process Civil and Constitutional Rights while being held under color of State and Federal Laws of these United States;/ The charge of [Conspiracy] will be proven with no problems because they thank and feel that plaintiff is unaware of what constitute [Conspiracy] and the facts on they feel that this court or any other they may be in will rule for them. The case and issues at bar will show and prove all stated allegations set forth in this complaint is more than true and correct and this court would find the same upon the evidence that will be presented at trial.

(31) This court would find that the Federal Bureau of Prisons (BOP) is fully aware of the above given statements and facts that are not being brought out in this complaint but will be brought out during trial;/ There is a lot of people invloved in these matters and the court would find that many of the event that has occurred should not have occurred;/ The plaintiff would show unto this court what steps were taken to try and color-up many of the acts of many of the people involved in these matters. The evidence that will be

presented would show unto this court what part each person took in treating the plaintiff and how did what at what time and place, Forrest City, F.C.I. Institutional Medical Staff Doctors' Nurses' P.A. and/or all persons acting therewith during the time the plaintiff got---sick untill they transfered him to this Institution on a [Medical transfer.]The records would show when the plaintiff was sent to Forrest City, Medical Center, for treatments, and for what reasons the plaintiffs was discharged in March, 8th,2011 and they would further shouw what happened to plaintiff after his return from Forrect City, Medical Center, and what cause him to be sent back to Forrest City, Medical Center. The records and files would further show unto this court why the plaintiff was transfered to Sanit Francis, Hospital in May, 19th 2011 untill July 18th, 2011, ;/ The records and files would further show what brought the plaintiff back to Saint Francis, Hospital, where the plaintiff had to stop taking the treatments that they was giving him and why, the plaintiff would show what part Top Nodch Security took in these matters and why in which a Civil Rights Complaintiff will filed against Top Nodch Security.

(32) That pursuant to 28 U.S.C. 2201 & 2202 The plaintiff is requesting Declaratory Judgment relief and pursuant to Section 1346(b) and Section 2671-2680, 5 U.S.C.S. Section 702, 42 U.S.C. Section 1997(d)(e) 18 U.S.C. Section 4042. The plaintiff is respectfully requesting this court for the appointment of [Counsel,because the plaintiff is not learded in law enough to properly prosecut this action in the respects in which it show be prosecuted,nor does the plaintiff have any knowledge of the Medical meaning and words that needs to be brought to this courts attention and what they mean];/ The plaintiff does seek in this complaint for Injunctive Relief authorized by 28 U.S.C. Section 2283 & 2284 and Rule (65/A) of the federal Rules of Civil Procedures; The requests for the above stated laws, statutes and rules will inable the plaintiff to show and prove all stated allegations seth forth in this conmplaint is true and correct to the best of my knowledge and belief.

(33) The records and files would show this Honorable Court that plaintiff did stay in Saint Francis, Hospital for [Eighth (8) weeks] for treatments caused by the Nurse Kevin, John Doe, in which all persons acting therewith is trying to cover-up in which will    be prove when this case goes to trial;/ The plaintiff has been back into both Forrest City, Medical Center and Saint Francis, Hospital and again at Forrest City, medical center since July, 18th, 2011, The plaintiff had one [Cat-scan] and five(5) [MRIs'] doing the hole time the plaintiff were in the custody of both Forrest City, Medical Center, and Saint Francis, Hospital.

(34) The Medical records and files would respectfully show and prove to this day that all Doctors' Nurses, P.As! and all medical Staff had and does at this time have fully knowledge of the plaintiffs' Medical Conditions,and they would not tell the plaintiff of any of their fining;/ The records and files would show that every-since the plaintiff mentioned the [Black Mold] every-one involved in these matters has tryed to cover it up because of what this would do to many of the Empolyees in all of the above mentioned. The records would show to this day that the plaintiff is full of the [Black Toxic Mold];/ and most of all the Doctors' Nurses, P.As. and all Medical Staff does in fact have full know of the [Black Toxic Mold] at F.C.I. Forrest City, Arkansas.

(35) The Court will find upon the court granding the plaintiff leave to prove all stated allegation set forth in this Civil Rights Complaint is true and

correct to the best of my knowledge and belief;/ The plaintiff would respectfully submit that: When he said that it was the [Black Toxic Mold] that was causing the plaintiff all of the Medical problems that he was having is when Defendant, Kevin, John Doe. begain to squeez whatever it was into the plaintiffs' veins through the I.V. line;/ There should not have been any objection as to the plaintiff being sent to [FMC Rochester Institutional Medical Staff], but there were because of what their finings would have shown of the plaintiffs medical conditions;/ This Court would respectfully find that: All persons acting herein did and does have full knowledge of what plaintiffs medical conditions was and what [FMC Rochester,Medical testing would have shown and will show to this day, because the plaintiff does in fact still have proofs in his body] because the plaintiff is still on pain medication for the infections and all medical records and files would show that plaintiff still have many medical chronic conditions that needs to be treated for and there are some that the plaintiff will have for the rest of his life.

(36) Please see in the attached exhibits that would show that plaintiff have requested since March, of 2008 to be seen by an outside Doctor concerning the Raiation Burns still within the plaintiff body; The plaintiff has been denied to be by a dermatolgist because, all medical staff has known since 2005 that the plaintiff was burned 1n 2004 at Mason, Tennessee the Federal detention Center where the plaintiff were first burned.

## "THE RELIEF PRAYED FOR"

**WHEREFORE:** Plaintiff respectfully prays this Honorable Court to enter Judgment Granding the plaintiff the followings relief he seeks in the violation of the plaintiffs Civil Rights pursuant to the United States Constitutions:

(37) That pursuant to 28 U.S.C. 2201 2202 plaintiff seeks declaratory Judgment and a declaration that the acts and omissions described herein violated the plaintiffs [Eighth (8)] Amendment Rights to the United states Constitution;/ Grand to the plaintiff A preliminary permanent injunction ordering all Defendants, at Saint Francis, Hospital et al. and the Federal Bureau of Prisons (BOP) et al. as well as[TOP NODCH SECURITY] to immediately instruct all Defendants' to start the necessary processing and paper-work on givng the plaintiff a properly examination by a completely [Licensed Physician or Doctor to ultimately determine just how badly the plaintiff overall medical conditions is to this day, and if there is any Black Toxic Mold has and is effecting the plaintiff's entire body;/ To give determintation of the plaintiff having any forms of [Cancer] starting to grow, how much longer plaintiff has to live and all medical needs of the plaintiff and what causes these conditions and when. Order all medical results to be immediately turn over to the court and the plaintiff's attorney, and plaintiff as soon as they become available. Order all medical records and files from 2004 upon to this date to determine when the plaintiff first started to get sick. Issue an order that plaintiff be examine by an outside Doctors' Simply to determine just how long the plaintiff has suffered these medical conditions since 2004 and was there any of these conditions exist before October, 1st, 2004.

(38) That all of the Defendants' are being sued in their persinal and officials Capacitys that each of Defendants pay to the plaintiff 500,000,000.oo. Compesatory damages and 250,000,000.oo. for punitive damages, and 750,000-000.oo. for constiring together with each to violate the plaintiff [Eighth-(8)] Amendment Rights to the United States and plaintiff Due Process Civil

and constitutional rights to the United States constitution];/ That plaintiff retain the rights to place anyother reasonable deman that this court can there so order;/ Grand to the plaintiff A Jury trial on all issues triable by a Jury along with retaining the rights to request this court to issue a restraining order and an order to show cause for a preliminary hearing and injunction pursuant to Rule (65/A) of the Federal Rules of Civil Procedures.

(38) Grand to the plaintiff the rights to retain the rights to reserve both Compensatory and Punitive damages and the Conspiracy against each of the Defendants upon all final results from plaintiff's entire medical,physical, and overall conditions and examinations

(39) Grand to the plaintiff the rights to retain the rights to include any unknown Defendats if he/she name(s) just happen to become available within the discoverery and later in before/during trial;/ Grand to the plaintiff all attorney fees pursuant to 42 U.S.C. 1988, and grant all costs and fines in this action;/ Grand to the plaintiff all City, County, State and Federal taxes is to be assessed to the Defendants and all unknown;/ that any and all caust be assessed to the Defendants, and the unknown, et al. and any additional relief this court deems just proper and equitable, the plaintiff so pray.

RESPECTFULLY SUBMITTED:

_Henry A. Williams #19967-076_,
SIGNATURE OF THE PLAINTIFF/APPELLANT, PRO SE.

I Henry A. Williams, Reg.#19967-076, do hereby declare under the penalty of perjury pursuant to 28 U.S.C. 1746, That that all stated allegations set forth in this Civil Rights Complaint is true and correct to the best of my knowledge and belief;/ That I am placing a true and correct copy of this Civil Rights Complaint into the U.S. Mail. to United States District Court for the Western District of Tennessee at memphis, Tennessee.;/ In the office of the Clerk, at 167 North. Main Stree. Memphis, Tennessee 38103